UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LEONARD C. SCHISLER,

    Petitioner,

v.

WARDEN, ROXBURY CORRECTIONAL
INSTITUTION,
DPSCS and
MARYLAND ATTORNEY GENERAL,

    Respondents.

Civil Action No. TDC-18-2024

## MEMORANDUM OPINION

Petitioner Leonard C. Schisler, an inmate at Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2016 state conviction for armed robbery. The Petition is fully briefed. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

The Petition collaterally attacks Schisler's conviction for armed robbery in the Circuit Court for Carroll County, Maryland in *State v. Schisler*, No. 06-K-047305. In that case, on December 8, 2016, Schisler pleaded guilty to armed robbery pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), and *nolle prosequi* was entered on the remaining counts. Based on the statement of facts entered into the record at the plea hearing, on April 28, 2016, Schisler entered a 7-11 convenience store on Ridge Road in Carroll County, produced a 13-inch knife, and demanded

that the store clerk give him the money in the cash register. As Schisler emerged from behind the counter carrying the entire cash drawer, customers stopped, disarmed, and restrained him before law enforcement arrived and arrested him.

Pursuant to a plea agreement, the State agreed not to seek a life sentence without parole which would be applicable because Schisler was a four-time violent offender. *See* Md. Code Ann., Crim. Law § 14-101 (LexisNexis 2021) (establishing mandatory minimum sentences for offenders with multiple convictions for crimes of violence). Instead, the State agreed to request that Schisler be sentenced as a three-time violent offender to a mandatory minimum sentence of 25 years of imprisonment without parole. On December 8, 2016, the Circuit Court sentenced Schisler to 25 years of imprisonment without parole.

On December 16, 2016, Schisler filed an Application for Leave to Appeal his conviction to the Court of Special Appeals of Maryland. On June 20, 2017, the Court of Special Appeals denied the Application for Leave to Appeal in a summary *per curiam* decision. *Schisler v. State*, No. 2283, Sept. Term 2016. The mandate issued on July 31, 2017. Such a denial is not reviewable by the Court of Appeals of Maryland. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202(4) (LexisNexis 2020).

On December 4, 2017, Schisler filed a self-represented state Petition for a Writ of Habeas Corpus in the Circuit Court for Carroll County. On April 12, 2018, the Circuit Court denied Schisler's state habeas petition.

## DISCUSSION

In his Petition to this Court, Schisler asserts five grounds for federal habeas relief: (1) his guilty plea was "illegal" because he was "forced" and "coerced" to plead guilty because he was "threaten[ed]" with a sentence of life imprisonment without parole; (2) the state trial judge who

2

accepted his guilty plea and sentenced him was "bias[ed] and prejudice[d] by knowingly participating illegally in [the plea] negotiation"; (3) he was denied the opportunity for a mental health evaluation; (4) his conviction and other rulings against him were obtained by "malicious prosecution and manufactured evidence"; and (5) his trial counsel provided ineffective assistance by: (a) failing to file "any appropriate defense motions"; (b) failing to seek a mental health evaluation after promising to do so; (c) convincing him to plead guilty on the condition that counsel would "file an appeal on an illegal sentence," even though counsel had no knowledge of how to address an *Alford* plea; (d) failing to file a direct appeal; and (e) working "in concert" with the prosecutor and the trial judge. Pet. at 5-6, ECF No. 1.

Respondents argue that the Petition should be denied without prejudice because Schisler has not exhausted all available state remedies. Alternatively, they argue that several of Schisler's claims are not cognizable on federal habeas review and that all of the claims lack merit.

Schisler's Petition was docketed on July 3, 2018. Because Schisler is presently confined at RCI, the Warden of that facility is the properly named Respondent and will be added as a party to this action. *See* 28 U.S.C. § 2242 (2018); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (holding that "the proper respondent is the warden of the facility where the prisoner is being held"); *see also* Rule 2(a), Rules Governing Section § 2254 Cases in the United States District Courts.

I. **Exhaustion of State Remedies**

A petitioner seeking habeas relief in federal court must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion requirement is satisfied by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To exhaust a claim on direct appeal,

it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301. If an appeal of right is not permitted, as in cases in which a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See id.* § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See id.* § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the defendant must file a petition for a writ of certiorari to the Maryland Court of Appeals. *See Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).

Beyond exhausting available state court remedies on direct appeal, a petitioner must pursue and complete state post-conviction proceedings for claims that are not appropriate for relief on direct appeal, such as claims of ineffective assistance of counsel. *See Anthony v. Schuppel*, 86 F. Supp. 2d 531, 536 (D. Md. 2000) (noting that ineffective assistance of counsel claims are generally cognizable only in state post-conviction proceedings (citing *State v. Zimmerman*, 273 A.2d 156, 163 (Md. 1971))). For a defendant to exhaust a claim through state post-conviction proceedings, it must be raised in a state petition for post-conviction relief filed in the Circuit Court in which a petitioner was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Proc. §§ 7-102, 7-109 (LexisNexis 2018). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202(1). However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for a writ of certiorari to the Court of Appeals of Maryland. *See Williams*, 438 A.2d at 1305.

Here, although Schisler filed an Application for Leave to Appeal with the Court of Special Appeals in order to pursue a direct appeal, he did not specifically identify any grounds for appeal other than a general statement that his conviction and sentence violated the United States Constitution, the Maryland Declaration of Rights, and Maryland Rule 4-242. In particular, he did not assert any of the specific arguments advanced in the Petition, including his ineffective assistance of counsel claims, which he would ordinarily not have been able to pursue on direct appeal. *See Anthony*, 86 F. Supp. 2d at 536. Where the exhaustion requirement mandates that a petitioner have presented a claim for relief "face-up and squarely," and that "the federal question must be plainly defined," the Court finds that Schisler did not actually exhaust any of the claims in his Petition on direct appeal. *See Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994) (finding that an ineffective assistance of counsel claim was not exhausted when it was not stated with sufficient specificity that the state court was "fairly apprised" of the claim).

Schisler also did not assert any of his claims, including his ineffective assistance of counsel claims, in a state petition for post-conviction relief. Under the Maryland Uniform Postconviction Procedure Act ("UPPA"), Md. Code Ann., Crim. Proc. §§ 7-101 to 7-109, a person "confined under sentence of imprisonment," Md. Code Ann., Crim. Proc. § 7-101, may file, within ten years after the sentence is imposed, *id.* § 7-103(b), a petition for post-conviction relief asserting any of the following claims: (1) the sentence or judgment was imposed in violation of the Constitution of the United States or the Constitution or laws of the State of Maryland; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack on a ground of alleged error that would otherwise be available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy. *Id.* § 7-102(a). The UPPA is intended "to create a statutory remedy for

collateral challenges to criminal judgments . . . and to substitute this remedy for habeas corpus and coram nobis actions challenging criminal judgments" when the defendant is in custody. *Skok v. State*, 760 A.2d 647, 653 (Md. 2000) (quoting *Gluckstern v. Sutton*, 574 A.2d 898, 912 (Md. 1990)).

Here, Schisler filed not a state petition for post-conviction relief, but a state petition for a writ of habeas corpus. The UPPA does not abrogate a prisoner's ability to file a petition for a writ of habeas corpus in a Maryland state court. *See Douglas v. State*, 31 A.3d 250, 261 (Md. 2011). However, the denial of a state habeas petition by a Maryland Circuit Court does not exhaust the petitioner's claims where the petitioner may still file a state petition for post-conviction relief under the UPPA. *See Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 n.1 (4th Cir. 1971) (holding that "[s]ince the denial of a writ of habeas corpus by a Maryland trial court is not normally appealable, and since the Maryland Post Conviction Procedure Act does provide for appeal, an action for state habeas is not sufficient to exhaust available state court remedies in Maryland").

Notably, during the proceedings on Schisler's state habeas petition, the state judge offered to treat the state habeas petition as a state petition for post-conviction relief under the UPPA, which a judge considering a state habeas petition may do "if the individual confined consents in writing or on the record," Md. Rule 15-304, and then refer it to the Office of the Public Defender for appointment of counsel, *see* Md. Code Ann., Crim. Proc. § 7-108(a). The state judge also warned Schisler that if he did not pursue a state petition for post-conviction relief, a federal court may conclude that "You have a State [petition for] post-conviction relief that you have not exhausted. So we are not going to hear that until such time as you do.'" State Record ("S.R.") 107, ECF No. 6-1. Schisler, however, refused to consent to that change and requested a ruling on the state habeas petition, which was denied.

6

Schisler was sentenced on December 8, 2016, so he still has time to file a state petition for post-conviction relief within the statutory 10-year period. *See* Md. Code Ann., Crim. Proc. § 7-103(b). Because Schisler has not filed such a state petition, his claims remain unexhausted and must be dismissed. *See, e.g., Nero v. Oddo*, No. PX-17-1263, 2018 WL 999961, at *5 (D. Md. Feb. 20, 2018); *Gopshes v. Foxwell*, No. GLR-17-2324, 2018 WL 656435, at *1-2 (D. Md. Jan. 31, 2018). Because the Court will dismiss the Petition for failure to exhaust state remedies, it need not and does not address Respondents' remaining arguments.

## II. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Schisler must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a petition is denied on procedural grounds, as here, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Schisler may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

7

## CONCLUSION

For the foregoing reasons, the Petition will be DISMISSED WITHOUT PREJUDICE for lack of exhaustion of state remedies. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: June 25, 2021

THEODORE D. CHUANG
United States District Judge